## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| LAMAR T. QUINN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 09-CV-2033 |
| ) | |
| OFFICER BRADLEY J. KRAUEL, ) | |
| ) | |
| Defendant. ) | |

## **OPINION**

This case is before the court for ruling on the Motion for Summary Judgment (#23) filed by Defendant, Officer Bradley J. Krauel. Plaintiff, Lamar T. Quinn, has not filed a response to the Motion for Summary Judgment. This court has carefully considered Defendant's arguments and the documents filed. Following this careful and thorough consideration, Defendant's Motion for Summary Judgment (#23) is GRANTED.

## FACTS[1]

On February 2, 2008, the Alpha Phi Alpha fraternity was having a convention in Champaign-Urbana. As part of the convention, a party was held at the Hilton Garden Inn in Champaign, Illinois. Tickets were sold to enter the party and, apparently, tickets were sold to more people than the ballrooms which were being used for the party could hold. The organizers of the party and the hotel determined that no more people would be allowed entrance into the ballrooms. That decision led to a large group of people congregating in the hallway and lobby area inside the hotel but outside of the ballrooms. Security officers at the hotel and members of the fraternity hosting the event asked

---

[1] The facts recited are taken from Defendant's Statement of Undisputed Facts and the documents Defendant has provided to this court, including the transcript of Plaintiff's deposition taken on October 21, 2009, and the transcript of Plaintiff's testimony at his jury trial held on October 22, 2008.

individuals in the hallway and lobby area to leave.

When the individuals did not leave the lobby area, the hotel decided to call the Champaign Police Department for assistance in handling the overcrowding situation. Initially, two Champaign police officers, Defendant and Ganesh Reddy, arrived and were told to merely stand by and leave their vehicles parked in the circle drive near the main entrance to the hotel with overhead lights flashing. When the appearance of the police officers did not accomplish the result of clearing the lobby area, the hotel asked the police officers to clear the lobby and hallway of all individuals who did not have hotel keys in their possession. Those who had hotel keys were asked to go to their guest room until the situation improved.

More police officers arrived at the scene and the officers began to ask people to move through the exits into the parking area. Many of the individuals complied with the officers' request. Plaintiff was advised that he had two choices, he could either go downstairs to a separate party or go to his room. Plaintiff did neither and moved to the side of the lobby and stayed there while others exited. Plaintiff advised Defendant that he had a room in the hotel, he simply did not have his key. Defendant and Officer Reddy advised Plaintiff that he would have to leave and that exceptions could not be made. Defendant told Plaintiff that once the lobby and hallways were cleared, the situation would be resolved and he could then return to his hotel room or the ballroom if it was no longer overcrowded. Plaintiff refused to leave, and Defendant advised him that if he did not leave promptly, he would be arrested. Plaintiff began to leave, but then stopped to argue his case to another Champaign police officer. Then, Plaintiff began speaking to a female police officer who told him, "You were instructed to leave." A few moments later, Plaintiff engaged in a conversation with yet another Champaign police officer. Defendant approached Plaintiff and told him that he

2

needed to leave. Defendant grabbed Plaintiff by the arm to escort him out of the hotel.

As they were leaving the hotel, a scuffle ensued and Defendant pushed Plaintiff into a pile of snow outside the hotel, face down. With the assistance of another Champaign police officer, Defendant was able to handcuff Plaintiff. Plaintiff resisted but Defendant and another officer were able to get him into the back seat of a Champaign squad car. Plaintiff was taken to the Champaign County jail. Plaintiff testified at his deposition that he does not recall whether he advised the Champaign County Sheriff's office of any injuries when he was admitted to the Champaign County Jail. Plaintiff returned to his hotel room at approximately 2:00 or 3:00 a.m. After sitting up for a period of time, he went to bed and got some sleep.

## PROCEDURAL HISTORY

On February 4, 2009, Plaintiff filed his pro se Complaint (#3) against Defendant. Plaintiff alleged that he was a guest at a social event held at the Hilton Garden Inn in Champaign, Illinois, on February 2, 2008. Plaintiff alleged that Defendant responded to a call when the event became overcrowded. Plaintiff alleged that Defendant forcibly removed Plaintiff from the venue and arrested Plaintiff for resisting a peace officer. Plaintiff alleged that he was found not guilty of this charge at a jury trial. Plaintiff alleged that Defendant was liable for intentional, willful and wanton acts because he "grabbed Plaintiff, twisted his arm and slammed Plaintiff to the ground without notice." Plaintiff alleged that, because of Defendant's actions, he sustained injuries to his person and property.

On April 29, 2009, Defendant filed his Answer and Affirmative Defenses (#11). Defendant served Plaintiff with a request for production of documents requesting, among other things, copies of all medical bills and copies of all medical records related to this incident. Plaintiff did not

provide any such documentation.

On December 14, 2009, Defendant filed a Motion for Summary Judgment (#23) with attached supporting exhibits. Also on December 14, 2009, a Notice (#24) was sent to Plaintiff. Plaintiff was thereby notified that he had 21 days to respond to the Motion. Plaintiff was also notified that, if no response was filed, the Motion could be granted and the case terminated without a trial. As noted previously, Plaintiff has not filed a Response to the Motion for Summary Judgment.

ANALYSIS

I. SUMMARY JUDGMENT STANDARD

Rule 7.1(D)(2) of the Local Rules of the Central District of Illinois provides:

> Within 21 days after service of a motion for summary judgment, any party opposing the motion shall file a response. A failure to respond shall be deemed an admission of the motion.

The Seventh Circuit has repeatedly held that such a rule is "entirely proper." Doe v. Cunningham, 30 F.3d 879, 882 (7th Cir. 1994). Further, when the non-movant does not respond to the movant's statement of facts, the non-movant concedes the movant's version of the facts. Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994); Columbia Pictures Indus., Inc. v. Landa, 974 F. Supp. 1, 3 (C.D. Ill. 1997). However, a party's failure to submit a timely response to a motion for summary judgment does not automatically result in summary judgment for the moving party. LaSalle Bank Lake View v. Seguban, 54 F.3d 387, 392 (7th Cir. 1995). It remains "the movant's burden to demonstrate that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law." Doe, 30 F.3d at 883. Accordingly, the district court must make the further finding that summary judgment is proper as a matter of law. LaSalle Bank, 54 F.3d

4

at 392.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court has one task and one task only: to decide, based upon the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge, 24 F.3d at 920.

DEFENDANT'S MOTION

In this case, Defendant has provided a detailed statement of undisputed material facts with supporting documentation. Defendant has also provided supporting authority for his argument that he is entitled to summary judgment on Plaintiff's claim.

"Whether an officer used excessive force during an arrest is determined under the 'objective reasonableness' standard." Smith v. City of Chicago, 242 F.3d 737, 743 (7th Cir. 2001). Courts "assess whether an officer's actions were objectively reasonable 'in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" Smith, 242 F.3d at 743, quoting Graham v. Connor, 490 U.S. 386, 397 (1989). This court agrees with Defendant that the undisputed facts show that Plaintiff was ignoring the repeated commands of various officers and was not subjected to unreasonable force. See Smith, 242 F.3d at 744. This court further agrees that Plaintiff has not shown that he was significantly harmed because he has not provided any medical records or testimony to support his claim of injury.

This court has carefully reviewed all of the documentation submitted by Defendant as well as Defendant's citations of authority. Following this careful review, this court concludes that

5

Defendant has met his burden to show that no genuine issue of material fact exists which requires a trial. Based upon the undisputed facts and the applicable case law, this court agrees with Defendant that it is entitled to judgment on Plaintiff's claim as a matter of law.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Summary Judgment (#23) is GRANTED.

(2) This case is terminated. The final pretrial conference scheduled on April 9, 2010, at 1:30 p.m. and the jury trial scheduled on April 19, 2010, at 9:00 a.m. are hereby VACATED.

ENTERED this 1st day of March, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE